Thomson, J.,
delivered the opinion of the court.
The complaint in this case is as follows:
“ J. B. Moore, plaintiff, vs. The Walsenburg Water Co., defendant.
“ The plaintiff, by his agent, Max Klein, complains and alleges:
“ I. That on the 27th day of February, A. D. 1891, at Denver, Colorado, the defendant made and delivered to the plaintiff, its promissory note of which the following is a copy:
“ ‘ $1900. Denver, Feb. 27,1891.
“ ‘ Thirty days after date we promise to pay to the order of J. B. Moore, nineteen hundred dollars, at the Denver National Bank of Denver, with interest at one per cent per month, from date until paid. Value received.
“‘The Walsenburg Water Co.,
“ ‘ No........Due------- By T. F. Martin, President.’
“ II. That defendant has not paid the same nor any part thereof.
“ Wherefore plaintiff demands judgment against the defendant in the sum of nineteen hundred dollars and interest and costs of suit.”
The verified answer of the defendant denies the execution by it of the note set out. No indebtedness for which the note *146 was given is stated, nor any facts which would authorize a recovery except upon the instrument itself. If that is void, this action must fail. To make the instrument the note of the company, T. F. Martin must have possessed the requisite authority to execute it, or its execution must have been subsequently ratified by the company. He signed it as president, but the records of the company, which were in evidence, fail to show that he ever was its president; and the only evidence from which it could possibly be assumed that he was such, is his own testimony. He testified, on direct examination, that he was elected president at a meeting of the stockholders ; and on cross-examination, that this meeting was the regular annual meeting, in May, 1890, at which there were present himself and Fred O. Roof, another stockholder being represented by proxy. There was no other evidence of his election. There was no proof that he was otherwise authorized, or that his act was ever ratified.
i The execution of the instrument by the defendant having been denied upon oath, it devolved upon the plaintiff affirmatively to establish the authority by which it was executed. The only election which stockholders are authorized, by our .statute concerning corporations, to hold at an annual meeting, is that of a board of directors, to serve for the ensuing year; and the president must be chosen, not by the stockholders, but by the directors after their own election. An election of president by the stockholders is a nullity, and the stockholders’ election constituting the only title of Martin to the office, he did not become the president of the company. As he had no other authority to execute the note, and his act in so doing was never ratified, the instrument sued on is not the company’s note. Some evidence was admitted tending to show an indebtedness of the company to Alex. Levy, that the indebtedness, if it ever had an existence, is still owing to him, and that upon his request, for certain reasons assigned by him at the time, this note for the amount of that indebtedness was made payable to the plaintiff. Under the allegations of the ¡complaint such evidence was incompetent. If the company *147 owes Levy anything, he can recover it from the company in an action upon the debt in his own name. Moore could not maintain such action, because the indebtedness is not owing to him. But this suit, being upon the note, is not maintainable upon the evidence.
The judgment will be reversed.

Reversed.